### No. 92

No. 18272. BEARDSLEY v. SCOTT et al

Error to the Court of Appeals, Trumbull County

Filed in Supreme Court, Dec. 22, 1923. 2 Abs. 4.

### 54. AGENCY.

Action for damages for breach of warranty, commenced in Trumbull County Common Pleas, in which C. A. Beardsley was plaintiff and J. R. Scott et al, a partnership under the firm name of J. R. Scott & Son, Smith & Holcomb were defendants. The parties are herein referred to as plaintiff and defendant as they appeared in the trial court.

Defendant sold a number of sheep at public auction. Plaintiffs bought some of these sheep, and claims that later he bought other sheep from defendants at private sale. Plaintiff also claims that defendants warranted that the sheep were not bred, when, in fact, they were bred.

The main question at issue seems to be whether the partnership was acting for itself, or as agents for one Woodworth, who is supposed to have purchased, at the auction, the sheep which were later sold to Beardsley.

The jury in the Common Pleas rendered judgment for defendant. The Court of Appeals confirmed the judgment.

Plaintiff claims that the partnership was acting, either for itself or as agent for an undisclosed principal. He seeks reversal on the ground of error in the refusal of the trial court to charge that if the jury should find that Smith and Scott, as agent of Woodworth, sold these sheep to Beardsley . . . and if Beardsley did not have knowledge of the principal, Woodworth owning the sheep, then it was the duty of the defendants . . . to disclose to Beardsley . . . that he was to look to the principal, and upon part of the charge as given which was that . . . this partnership would not be liable for any warranty that may have been made by Mr. Smith and Mr. Scott acting for Mr. Woodworth.

Attorneys—Gillmer, Gillmer, Stephens & Patchin, Warren, for Beardsley; Gillmer & Gillmer, Warren, for Scott et al.

---

### No. 93

No. 18296. STATE ex rel v. WALTER S. HARLAN et al, Judges

Error to the Court of Appeals of Butler County

Filed in the Supreme Court Jan. 4, 1924. 2 Abs. 52.

### 747. MANDAMUS.

This action grows out of a suit commenced in the Common Pleas of Butler county in which the Domhoff & Joyce Co. was plaintiff and the Hamilton Furnace Co. was defendant. The parties are hereinafter referred to as plaintiff and defendant as they appeared in the trial court.

Plaintiff sued to recover money alleged to be due it for the delivery of coke to defendant. Defendant set up a counter-claim on ground of breach of contract.

Further pleadings disclosed a contract which stipulated certain coke to be delivered at the government price ($8.89 per ton) and claimed that when government regulations ceased defendant requested continued shipments which were made and accepted and used, but not paid for; also that defendant failed to agree upon a revision of price according to a rider in the contract.

Plaintiff claimed that the price asked ($13.00 per ton) was reasonable.

Defendant claimed that the government price continued after government regulation ceased and when the parties failed to agree on a new price.

The trial court found for defendant.

The Court of Appeals affirmed the judgment of the Common Pleas.

The Supreme Court (108 OS. 25) reversed the Common Pleas and the Court of Appeals and remanded the cause to the Common Pleas "for a new trial, or for further proceedings according to law."

The Supreme Court held, in part, that "On the showing that the parties were unable to agree upon a new price . . . it became the duty of the court to ascertain what the reasonable market price was and render judgment accordingly."

After this, defendant applied to Butler Common Pleas for leave to file an amended petition. Plaintiff objected on the ground that the issue raised thereby was tried in the first trial and that the mandate of the Supreme Court left nothing to be done by the Common Pleas but impanel a jury and have said jury determine price of the coke delivered and render judgment accordingly.

This action asks for an alternative writ of mandamus commanding the Court of Common Pleas to comply with the opinion and mandate of the Supreme Court or appear and show cause why they should not do so.

Attorneys—Frank Brandon, Lebanon, for State; Murray Seasongood, Cincinnati, for Judges.